IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:10-HC-2022-BO

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>CARLOS OFARRIT-FIGUEROA, )<br>)<br>Respondent. ) | **ORDER** |

FILED
MAR 3 0 2011
DENNIS P. IAVARONE, CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

On June 25, 2010, Carlos Ofarrit-Figueroa ("Ofarrit-Figueroa" or "respondent") filed a motion [D.E. 10] to dismiss the government's petition for his commitment pursuant to 18 U.S.C. § 4248. The government filed a response on opposing the motion. On November 29, 2010, respondent raised additional claims for dismissal in a supplemental memorandum [D.E. 19]. The government filed a response opposing dismissal on the additional grounds. The matter is ripe for ruling.

Respondent's motion to dismiss [D.E. 10] fails to particularly describe any grounds for dismissal. Instead, respondent incorporates by reference arguments originally made in United States v. Comstock, No. 5:06-HC-2195-BR (E.D.N.C.). On May 17, 2010, the Supreme Court, in United States v. Comstock, 130 S. Ct. 1949 (2010), upheld 18 U.S.C. § 4248 as valid under the Necessary and Proper Clause and remanded Comstock to the Fourth Circuit Court of Appeals for further proceedings. Upon remand, the Fourth Circuit held that the "clear and convincing evidence" standard by which the government must prove an individual is sexually dangerous for purposes of

commitment under § 4248 does not violate the constitutional guarantee of due process. United States v. Comstock, 627 F.3d 513, 524 (4th Cir. 2010), petition for cert. filed, ___ U.S.L.W. ___ (U.S. Mar. 4, 2011) (No. 10-9360). Therefore, the appellate decisions in Comstock provide no grounds on which to grant respondent's motion to dismiss.

Respondent's supplemental memorandum raises additional claims for dismissal. First, respondent asserts "that § 4248 commitment is premature and unnecessary because he has an unserved term of supervised release that will allow him the opportunity to show that such commitment is not warranted." (Mem. Supp. Mot. Dismiss [D.E. 19] at 3). In making this argument, respondent relies on this court's decision in United States v. Broncheau, No. 5:06-HC-2219-BO, 2010 WL 4484635, *6 (E.D.N.C. Oct. 29, 2010), appeal docketed, No. 10-7611 (4th Cir. Nov. 18, 2010). Pending resolution of this issue in the appellate courts, the court declines to grant the motion to dismiss on this ground.

Next, respondent argues that even though § 4248 provides a means of conditionally releasing sexually dangerous persons into the community, see 18 U.S.C. § 4248(e)(2), "this approach will not ensure that [respondent] will ever have the opportunity to be released from custody." (Mem. Supp. Mot. Dismiss [D.E. 19] at 4). This argument is premature because respondent has not yet been committed pursuant to § 4248, and respondent also faces immigration proceedings and possible deportation. Id. at 4 n.2. Furthermore, the argument is without merit because the statute provides a court with discretion to authorize conditional release, and a respondent may ask the court for a hearing on such a request at any time 180 days after the court denied his last request. See 18 U.S.C. §§ 4247(h), 4248(e); Comstock, 627 F.3d at 521-22 ("[A] committed person's counsel or guardian may . . . ask the court to order discharge and, if denied, renew this request repeatedly every 180 days

2

after a denial."). The mere speculation that respondent may never be able to secure his release is not grounds to dismiss the present action.

Respondent also argues that "the stigma of being labeled a 'sexually dangerous person' is a lifelong burden that [an] individual[] must endure above and beyond the requirements to register as a sex offender." (Mem. Supp. Mot. Dismiss [D.E. 19] at 5). However, as the Fourth Circuit has explained, "there is no constitutional right to be free from stigma." Iota Xi Chapter of Sigma Chi Fraternity v. Patterson, 566 F.3d 138, 147 (4th Cir. 2009) (citing Paul v. Davis, 424 U.S. 693, 706-10 (1976)). As a result, respondent's argument is without merit.

Furthermore, respondent argues that the present action should be dismissed based on violations the Equal Protection Clause. "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall deny to any person within its jurisdiction the equal protection of the laws, which is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985) (internal quotation marks omitted).[1] Ordinarily, when a statute is challenged under the Equal Protection Clause, the general rule is that legislation is presumed to be valid and will be sustained if the classification drawn by the statute at issue is rationally related to a legitimate governmental interest. Id. at 440; Veney v. Wyche, 293 F.3d 726, 731 (4th Cir. 2002). However, a statute that implicates a fundamental right or a suspect class triggers the more demanding "strict scrutiny" test and will be sustained only if it is narrowly tailored to serve a compelling government interest. City of Cleburne, 473 U.S. at 440.

---

[1] If a classification would violate the Equal Protection Clause of the Fourteenth Amendment, then it also violates the Fifth Amendment's Due Process Clause as a matter of law. See Johnson v. Robison, 415 U.S. 361, 364 n.4 (1974).

3

The United States Supreme Court has not squarely addressed the level of scrutiny that should be applied in cases involving challenges to civil commitment statutes. See Hubbart v. Knapp, 379 F.3d 773, 781 (9th Cir. 2004). Respondent argues that strict scrutiny must be applied to an unequal classification in a law that restricts liberty. However, several lower federal courts have discussed this issue in the context of challenges to § 4248 and have concluded that the rational basis standard of review applies. See United States v. Coho, No. 09-CV-754-WJ, 2009 WL 3156739, at *7 (D.N.M. Sept. 18, 2009); United States v. Shields, 522 F. Supp. 2d 317, 340 (D. Mass. 2007); United States v. Carta, 503 F. Supp. 2d 405, 408 (D. Mass. 2007), aff'd, 592 F.3d 34, 44 (1st Cir. 2010). The court adopts the reasoning of these decisions and finds that the rational basis standard of review should be applied to this case.

Respondent alleges that

> [t]he government has not provided any indication that it is reviewing every individual in the custody of the Bureau of Prisons . . . to determine whether to certify them under § 4248. Accordingly, respondent, and this Court, have no way of knowing whether the government is certifying individuals in a completely arbitrary manner in violation of equal protection.

(Mem. Supp. Mot. Dismiss [D.E. 19] at 6 (internal quotation marks omitted)). The court finds that respondent does not carry his burden of proof on this issue. Applying the rational basis standard, "[a] statute is presumed constitutional, . . . and the burden is on the one attacking the legislative arrangement to negative every conceivable basis which might support it[.]" Heller v. Doe, 509 U.S. 312, 320 (1993) (original alteration, citation and internal quotation marks omitted). Furthermore, the mere failure to prosecute other offenders is no basis for a finding of denial of equal protection. "[T]he conscious exercise of some selectivity in enforcement is not in itself a federal constitutional violation." Oyler v. Boles, 368 U.S. 448, 456 (1962); see also Heller, 509 U.S. at 321 ("A

4

classification does not fail rational-basis review because it is not made with mathematical nicety or because in practice it results in some inequality." (citation and internal quotation marks omitted)); Thomasson v. Perry, 80 F.3d 915, 930-31 (4th Cir. 1996) (same). As a result, the court rejects respondent's equal protection challenge.

Respondent also insists that the certification process "initiates criminal, and not civil, proceedings." (Mem. Supp. Mot. Dismiss [D.E. 19] at 6.). The petition for certiorari in United States v. Comstock, 627 F.3d 513, 524 (4th Cir. 2010), petition for cert. filed, ___ U.S.L.W. ___ (U.S. Mar. 4, 2011) (No. 10-9360), seeks a determination of this issue by the Supreme Court of the United States. Therefore, the court declines to grant the motion to dismiss on this ground.

Finally, respondent argues that the certificate filed by petitioner in order to initiate the commitment process does not establish the requisite showing of mental illness and dangerousness required by § 4248 and by due process. Respondent fails to specifically explain why such a notice is inadequate. See Carta, 592 F.3d at 43-44 (finding that respondent failed to explain why the § 4248 certificate filed by petitioner was constitutionally inadequate). Therefore, respondent's challenge on this ground fails.

For all of the foregoing reasons, respondent's motion to dismiss [D.E. 10] is DENIED WITHOUT PREJUDICE.

SO ORDERED. This 29 day of March 2011.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

5